Richard B. Teitelman, Judge
I respectfully dissent. The circuit court dismissed Plaintiffs’ petition for failure to comply with the section 538.225 affidavit requirement. Plaintiffs’ argument that section 538.225 violates the open courts clause is directly before this Court. I would address Plaintiffs’ argument that section 538.225 violates the “open courts” clause in article I, section 14 of the Missouri Constitution and hold that it does.
*753 Article I, section 14 provides: “That the' courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered -without sale, denial or delay.” An open courts violation is established upon a showing that: (1) a party has a recognized cause of action; (2) that the cause of action is being restricted; and (3) the restriction is arbitrary or unreasonable. Kilmer v. Mun, 17 S.W.3d 545, 549-550 (Mo. banc 2000).
In this case, the section 538.225 affidavit requirement arbitrarily restricted Plaintiffs from pm-suing a recognized cause of action seeking compensation for the wrongful death of their loved one. The statute requires circuit courts to dismiss a ease if an affidavit is not filed. The primary justification for the mandatory affidavit requirement is that it screens out non-meritorious cases. This justification fails for at least two reasons.
First, the purpose of our court system is to screen out non-meritorious cases through motions to dismiss, discovery, motions for summary judgment and trials that nearly always include expert testimony. The justification for the affidavit requirement is duplicative of the purpose of the courts and, therefore, amounts to nothing but a restriction on access to the courts.
Second, in practice, the affidavit requirement imposes considerable practical burdens on injured parties as a prerequisite to obtaining access to the courts. The necessity of an affidavit requires injured parties to scour the medical community to find a health care provider willing to criticize the actions of his or her colleagues. This effort often requires injured parties to seek out non-local providers and incur the associated costs and delays prior to bringing a claim. The affidavit requirement is, therefore, not only duplicative of the purpose of the court system, it also amounts to a considerable practical burden imposed on injured parties as a prerequisite to simply exercising their constitutional right to access the courts to seek a remedy for then-injuries.
The affidavit requirement of section 538.225 violates article I, section 14 of the Missouri Constitution. I would reverse the judgment dismissing Plaintiffs’ petition for failure to file an affidavit.